Victor Webber
14486 Liddicoat Circle
Los Altos Hills, CA 94022
Voice: 650-813-1655
Fax: 650-813-1655
vwebber@msn.com

ADR    FILED    E-filing

APR 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 14 01724 PSG

Victor Webber,          )
                        )
        Plaintiff,      )
                        )  COMPLAINT
    vs.                 )
                        )  No.
Hewlett-Packard Company; Does )
1-10,                   )
                        )
        Defendant       )

A. JURISDICTION

1. Jurisdiction over the subject matter of this action is predicated on 28 U.S.C. section 1331, conferring on this Court original jurisdiction over substantial questions arising under federal law. Specifically, this action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 1000e(5)(g). Jurisdiction is also based on 28 U.S.C. 1343 and 42 U.S.C. §§ 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C § 627(c)(d) and the Age Discrimination in Employment Act of 1967 as amended, any

1  other relevant Laws or Executive Orders of the United States and
2  the State of California, and the Plaintiff seeks appropriate
3  relief.
4
5  2. Where the complaint deals with theft of intellectual
6  property, this action is brought pursuant to Title 35 of the
7  U.S.C. §§ 1-390, Title 17 of the U.S.C. §§ 1-1332, Title 15 of
8  the U.S.C. §§ 1-290f, 311-329, 331-374, 631-714p, 1001-1178,
9  1311-1314, 1351-1368, 1501-1693r, 1841-1852, 2051-2710, 2901-
10 2961, 3101-3152, 3701-3722, 3901-5904, 6151-6212, 6501-6555,
11 6701-8405, Title 18 of the U.S.C. § 1839, § 1832, § 1831, §
12 2320; Article One, Section 8 of the U.S. Constitution; the
13 America Invents Act; the American Inventors Protection Act; the
14 Bayh-Dole Act; the Invention Secrecy Act; the Patent Act of
15 1790; the Patent Reform Act of 2005; the Patent Reform Act of
16 2007; the Patent Reform Act of 2009; and Title 28 of the U.S.C.
17 § 1498, any other relevant Laws or Executive Orders of the
18 United States and the State of California, and the Plaintiff
19 seeks appropriate relief.
20
21 3. Where this complaint deals with violations of the Plaintiff's
22 whistleblower protections and freedom of speech protections,
23 this action is brought pursuant to the Civil Service Reform Act
24 of 1978, Ethics in Government Act, Lloyd-La Follette Act,
25 Whistleblower Protection Act, No FEAR Act, Sarbanes-Oxley Act,
26 Freedom of Information Act, National Labor Relations Act, any
27 other relevant Laws or Executive Orders of the United States and
28

the State of California, and the Plaintiff seeks appropriate relief.

## B. PARTIES

4. Plaintiff:   Victor Webber
                14486 Liddicoat Circle
                Los Altos Hills, CA  94022

5. Defendant 1: Hewlett-Packard Company
                3000 Hanover Street
                Palo Alto, CA  94304 - 1185

6. Defendant 2: Does 1-10

The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names and plaintiff will ask leave to amend this Complaint to set forth their true names and capacities when the same are ascertained.

## C. NATURE OF CASE

7. The Defendant hired the Plaintiff (Victor) as a Senior Linux Architect about December of 2011. This was a high level position which required unique vetting by the Defendant's executive review board. Victor was assigned the duties of

surveying the Seaquest database appliance product. Victor immediately reported several problems with the software project. It contained several violations of the standard of engineering practice that seemed purposeful. The Defendant's new management came on the project and promoted Victor to further investigate these findings. Victor suggested use of his proprietary algorithms to resolve the software problems. Victor discovered several disturbing facts about the project's history.

8. The original base product, the Tandem appliance, had been completed after about 300 years of engineering effort, much of that time was in development of a proprietary hardware platform, and less time on the software portion. The company which developed the product was independent of the Defendant at the time. It was delivered into the market place in about 1989. This product was very efficient and it became sought after by the intelligence agencies of the United States. In about 1998, a software project was launched to port the software to more powerful commodity hardware. A second management team started work on this port, which should have taken about 5 engineering years. Around 1999, the project still was not completed, even though they had ample time. The intelligence agencies who wanted the product prompted more engineers to be added. Around 2001, the Defendant acquired the product and basically kept the same second management team on the project. The cataclysmic events of 9/11 helped maintain interest in the project, as the United States national security infrastructure was clamoring for the new version of this product.

9. The total time spent on the project at the time Victor analyzed the situation turned out to be very suspicious. There was about 900 engineering years into the porting project that should have taken about 5 engineering years. Even with all that time, the project still was not successfully complete. More suspicious was the team managing this fiasco: many of them were recent foreign nationals with close ties to countries classified by the United States as being terrorist states.

10. Victor reported this to the management of the Defendant. There was little response so he reported it to the Federal Government. At that time, the second management team from the original company began to take over the project from the Defendant's new management, and Victor was dismissed by Rohit Jain.

11. On about January of 2013, Rohit Jain a manager for the Defendant told Victor he was being dismissed because of the report he filed about his suspicions on the engineering work and because he was different from others on the team. Hence the dismissal was a violation of whistle blower and free speech protections. The management team he was different from consisted of many Arabic and Asian engineers. This team had made several disparaging racial remarks to Victor. Hence his dismissal was discrimination on the basis of race. Also, Victor was one of the few engineers of age 50+ dismissed at that time and several younger engineers were brought on at that time.

Hence there was discrimination on the basis of age. Further, at the time Victor was dismissed, they were incorporating his proprietary software into their product. Hence there are violations of intellectual property law.

12. On about September of 2013, Victor filed charges with the Equal Employment Opportunity Commission (EEOC). The EEOC sent the attached "Notice of Right to Sue" which Victor received on January 21, 2014.

### D. FIRST CAUSE OF ACTION

13. The Defendant violated the property rights of Victor by their use of his intellectual property without compensation. This is in violation of the legal statutes listed in paragraph 2 of this complaint.

14. The intellectual property of Victor is defined by emails to the Defendant, and is defined in the patents owned by Victor.

15. On or around October of 2012, the Defendant defined a strategy which involved use of the intellectual property of Victor.

16. Victor is informed and believes, and on such information and belief, alleges that at all times herein mentioned, each of the Defendants was acting as the agent and/or servant of each of the

other Defendants and all actions alleged herein were within the course and scope of the Defendant's agency and/or employment.

### E. DAMAGES FROM FIRST CAUSE OF ACTION

17. . The Defendants injured Victor because their actions proximately caused a significant loss of income, proximately caused significant pain and suffering which includes but is not limited to a heart attack suffered by Victor shortly after the Defendant's violations, and proximately caused emotional distress. The Defendant's actions proximately caused Victor to lose the time he would have had vested into his retirement benefits. The Defendant's actions proximately caused Victor to lose his health insurance.

### F. SECOND CAUSE OF ACTION

18. The Defendant violated the freedom of speech and whistle blower protections of Victor by dismissing him for filing a report on their illegal activities.

19. On about January of 2013, the Defendant, through Rohit Jain, dismissed Victor and during the dismissal discussions told him he was being dismissed for the report he filed. This is in violation of the legal statutes listed in paragraph 3 of this complaint.

20. Victor is informed and believes, and on such information and belief, alleges that at all times herein mentioned, each of the Defendants was acting as the agent and/or servant of each of the other Defendants and all actions alleged herein were within the course and scope of the Defendant's agency and/or employment.

### G. DAMAGES FROM SECOND CAUSE OF ACTION

21. . The Defendants injured Victor because their actions proximately caused a significant loss of income, proximately caused significant pain and suffering which includes but is not limited to a heart attack suffered by Victor shortly after the Defendant's violations, and proximately caused emotional distress. The Defendant's actions proximately caused Victor to lose the time he would have had vested into his retirement benefits.  The Defendant's actions proximately caused Victor to lose  his health insurance.

### H. THIRD CAUSE OF ACTION

22. The Defendant discriminated against Victor on the basis of age.

23. On about January of 2013, the Defendant, through Rohit Jain, dismissed Victor and he was one of the only engineers of age 50+ years who was dismissed.  Further, a younger engineer was hired at the same time Victor was dismissed.  There hiring patterns

reflected a policy of age discrimination. This is in violation of the legal statutes listed in paragraph 1 of this complaint.

24. Victor is informed and believes, and on such information and belief, alleges that at all times herein mentioned, each of the Defendants was acting as the agent and/or servant of each of the other Defendants and all actions alleged herein were within the course and scope of the Defendant's agency and/or employment.

## I. DAMAGES FROM THIRD CAUSE OF ACTION

25. The Defendants injured Victor because their actions proximately caused a significant loss of income, proximately caused significant pain and suffering which includes but is not limited to a heart attack suffered by Victor shortly after the Defendant's violations, and proximately caused emotional distress. The Defendant's actions proximately caused Victor to lose the time he would have had vested into his retirement benefits. The Defendant's actions proximately caused Victor to lose his health insurance.

## J. FOURTH CAUSE OF ACTION

26. The Defendant discriminated against Victor on the basis of race.

27. On about January of 2013, the Defendant, through Rohit Jain, dismissed Victor and Rohit Jain stated it was because he was not

like the other engineers. Many of these other engineers were Middle Eastern and Asian, and the manager, Rohit Jain, was Middle Eastern. There employment practices reflected a policy of discrimination. This is in violation of the legal statutes listed in paragraph 1 of this complaint.

28. Victor is informed and believes, and on such information and belief, alleges that at all times herein mentioned, each of the Defendants was acting as the agent and/or servant of each of the other Defendants and all actions alleged herein were within the course and scope of the Defendant's agency and/or employment.

### K. DAMAGES FROM FOURTH CAUSE OF ACTION

29. . The Defendants injured Victor because their actions proximately caused a significant loss of income, proximately caused significant pain and suffering which includes but is not limited to a heart attack suffered by Victor shortly after the Defendant's violations, and proximately caused emotional distress. The Defendant's actions proximately caused Victor to lose the time he would have had vested into his retirement benefits. The Defendant's actions proximately caused Victor to lose his health insurance.

### L. LIST OF ALL KNOWN DAMAGES

30. As a proximate result of the conduct of the defendants alleged above, Plaintiff VICTOR WEBBER has sustained the following damages:

    a. Severe and enduring pain and suffering including but not limited to a heart attack;

    b. Severe and enduring emotional distress;

    c. Physical injury in the form of a heart attack;

    d. Expenses for medical treatment;

    e. Sleeplessness and nightmares;

    f. Loss of income immediately after dismissal;

    g. Loss of future income;

    h. Loss of retirement benefits available to him if he would have had vested time into his retirement account;

    i. Loss of health insurance;

    j. Diminution of career prospects; and

    k. Decreased enjoyment of life.

## M. REQUEST FOR COMPENSATION

Wherefore, plaintiff VICTORE WEBBER prays for judgment against defendants as follows:

1. For compensatory damages, including but not limited to future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined according to proof at trial;

2. For medical expenses, past and future in an amount to be ascertained;

3. For exemplary damages of $3,000,000, or according to proof;
4. For back pay and interest on back pay;
5. For loss of employment-related benefits, including health care and retirement;
6. For injunctions against Defendants to cease use of his intellectual property;
7. For injunctions against Defendants to appropriately attribute to Plaintiff all credit for his works and derivative works;
8. For reasonable attorneys fees incurred herein, pursuant to 42 U.S.C sec 2000e-5(k), 42 U.S.C sec 1988 and other applicable provision of federal or state law;
9. For costs of suit herein incurred;
10. Prejudgment interest; and
11. For such other and further relief as the court deems appropriate.

## N. DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that information contained therein is true and correct. 28 U.S.C § 1746; 18 U.S.C. § 1621

Executed at Los Altos Hills, CA on April 14, 2014.

_____
Victor Webber